Maxine I. Dobro
State Bar No. 98962
105 West "F" Street, Third Floor
San Diego, California 92101
(619) 232-5044

Attorney for Defendant **FERNANDO VELIZ**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE DANA SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v<br>FERNANDO VELIZ,<br>Defendant. | Case No. 07-3403-DMS<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS**<br>**DATE: 1 Feb. 2008**<br>**TIME: 11:00 a.m.** |

## (I) STATEMENT OF ISSUES

To date, counsel for Mr. Fernando Veliz has received significant discovery yet is awaiting additional materials, including but not limited to: Mr. Veliz's "A" file from ICE, deportation/removal tapes, and possible further documentation regarding Mr. Veliz's prior state convictions. Counsel requests an opportunity to file substantive motions in the future if they become necessary.

Mr. Veliz is charged with being a deported alien found in the United States. His criminal record includes a sex offense involving a minor. Although he did receive a sentence of probation (and served about 6 months in a county jail) that conviction serves as the basis for the government's no deal stance.

**(II) MOTION TO COMPEL DISCOVERY**

Mr. Fernando Veliz moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative (or other) agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). It should be noted that the United States Attorney's Office has been forthcoming with discovery and it is anticipated that they will continue to be forthcoming. Both parties, however, may need to remind the various agencies involved to provide discovery. Additionally, Defendant requests the following discovery pursuant to Fed. R. Crim. P.16:

1. All statements of the defendant (including summaries thereof) made to Government agents, and relevant to the charges.

(a) Any written record containing the substance of any relevant oral statement made by the defendant, before or after his arrest; and

(b) The substance of any other relevant oral statement made by the defendant, before or after arrest, either with or without the defendant's knowledge that such persons were Government agents at the time the statements were made;

(c) Any written or recorded statements made by any other

third party attributing said statement to the defendant which were communicated to agents or the Government or which are currently in the Government's possession.

2. All pre-indictment and post-indictment statements of the defendant whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents, which are relevant to the crimes charged, and whom the government intends to call as witnesses in their case;

3. All pre-indictment and post-indictment statements of the defendant whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents, which are relevant to the crimes charged and which are either exculpatory or inculpatory, whom the Government does not intend to call as witnesses in their case;

The aforementioned requests include:

(a) All evidence memorializing or relating to conversations of the defendant obtained from any room "bug," body wire, hidden camera, or other electronic surveillance (including wiretap)conducted at any time by any government agent or informant;

(b) All audiotapes, videotapes, logs and other evidence memorializing or relating to conversations of the defendants which were overheard in whole or in part by any government agent or informant, including jail recordings.

4. Documents reflecting the substance of any oral statement made by the defendant whether before or after arrest in response to interrogation by any person other then one known to be a government agent, as well as documents relating to or reflecting the names of other government agents present at the time any such statements

were made, including but not limited to, any contemporaneous notes, rough drafts of FBI 302s, or other agencies reports, audio or video tapes, or other evidence of a statement allegedly given by the defendant. The defendant specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant are contained. It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A), 16(a)(1)(C), and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 792 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y.); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). The defendant also requests any Miranda warnings which may have been given to him, as well as any oral or written responses to those warning which may have been made by him on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

5. Documents reflecting the substance of any oral statement to a third party which the government intends to offer in evidence against the defendant, and documents reflecting the date of any such conversation, the name and address of the person to which the statement was made and the date and place of the statement;

6. All audiotapes, videotapes, or recordings on which the

government contends the voice or image of the defendant is recorded or reflected, whether such recordings were made consensually or otherwise.

These requests apply to statements of the defendant within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorneys for the government.

7. All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

8. All arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

9. A copy of the prior criminal record, if any, of the defendant(s), including all criminal records pertaining to said defendant(s) maintained by police departments, federal agencies, department of motor vehicles, or other law enforcement offices.

This request applies to the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorneys for the government.

10. All physical and documentary evidence and objects, including but not limited to all books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof which are within the possession, custody, or control of the government, or which are known to the government or

by the exercise of due diligence could become known to the government: (a) Obtained from the defendant; or, (b) Which the government claims belong to the defendant; or, (c) Which are material to the preparation of the defense; or,(d) Which the government intends to introduce as evidence in its case-in-chief.

11. All physical and documentary objects, as described above, which were seized pursuant to any search of Mr. Fernando Veliz, his vehicle, or his home, which the government intends to use or has used in connection with this case, and as to any such searches: (a) Documents identifying the officers and third parties present at the time of the search; (b) Documents reflecting an inventory and description of all items seized and the exact location of their seizure; (c) Documents relating to or reflecting the time of the search and the time of the seizure of each item; (d) Documents relating to the manner of entry into the place where any items were seized.

12. All documents and other materials relating to or referring to possible violations of any federal, state, or local law, or internal FBI, DEA, Customs, Immigration, or Department of Justice regulation, guideline, or policy in connection with the investigation leading to the indictment herein.

13. All information in whatever form, source, or nature which tends to exculpate the defendant either through indication of his innocence or through the potential impeachment of any government witness, and all information which may be or become of benefit to the defendant in preparing for or presenting the merits of his defense at trial, or in connection with pre-trial motions herein. (a)All documents, statements, agents's reports, and

tangible evidence favorable to the defendant on the issue of guilt (or punishment) and/or which affect the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Kyles v. Whitley, 115 S. Ct. 1555 (1995) holds that "reasonable probability" of a different result is now the touchstone of Brady materiality. The impact of any withheld evidence is also to be considered collectively. Most importantly, the individual prosecutor now has the duty to learn of any favorable evidence known to others acting on the government's behalf, including law enforcement officers, in order to avoid a Brady violation. Whether such prosecutor succeeds or fails in meeting such obligation the prosecutions responsibility for failing to disclose known, material evidence rising to a material level of importance is inescapable. It is no longer an excuse that police failed to inform a prosecutor of evidence.

14. The personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11 Cal 3d 531, 539 (1974). In addition, the defense requests that the prosecutor examine the personnel files of all testifying agents, and turn over Brady and Giglio (see Request 18 below) material reasonably in advance of trial. United States v. Henthorn, 931 F.2d 29, 30-31. If the prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should be submitted to the Court, in camera. Id. The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files. Id.

15. Any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

16. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;

17. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

18. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

19. The name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

20. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government

witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

21. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213,223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

22. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

23. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

24. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior similar acts is discoverable under Fed. R. Crim. Procedure 26(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

The defendant also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such

evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980);

The defendant respectfully requests that the court order the timely provision of the above-requested discovery as follows:

(1) All Jencks material two weeks before trial,(2) an exhibit list one week before trial, (3) a witness list one week before trial, (4) any expert report the government intends to rely on during the course of the trial, to be ordered to be produced in a timely fashion and with all such reports to be provided two weeks before trial at a minimum, (5) any and all government reports which are discoverable by virtue of Rule 16, Brady, Giglio, or the Jencks Act ten days before trial.

## II
## CONCLUSION

It is respectively requested that the court grant the above motion and that Mr. Fernando Veliz be allowed to file additional motions if needed after additional discovery has been received and all discovery has been reviewed.

DATED: 18 January 2008

Respectfully submitted,

/s/ Maxine I. Dobro
Maxine I. Dobro, Attorney for Fernando Veliz