KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO VELIZ,<br><br>Defendant(s). | ) | Criminal Case No. 07CR3403DMS<br><br>DATE: February, 2008<br>TIME: 11:00 a.m.<br>Before Honorable Dana M. Sabraw<br><br>UNITED STATES' MOTIONS FOR:<br><br>(1) RECIPROCAL DISCOVERY<br>(2) FINGERPRINT EXEMPLARS; AND<br>(3) LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: January 25, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO VELIZ,<br><br>Defendant(s). | Criminal Case No. 07CR3403-DMS<br><br>DATE: February 2, 2008<br>TIME: 11:00 a.m.<br>Before Honorable Dana M. Sabraw<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Fernando Veliz (hereinafter "Defendant"), was charged by a grand jury on December 19, 2007 with violating Title 8 U.S.C. 1326(a) and (b), Deported Alien Found In the United States. Defendant was arraigned on the Indictment on January 3, 2008, and entered a plea of not guilty.

//

//

//

//

## II

## STATEMENT OF FACTS

### A. IMMIGRATION HISTORY

Defendant is a Guatemalan citizen who was ordered deported after a hearing before an immigration judge on October 13, 1999. Defendant was most recently physically removed from the United States to Guatemala through Phoenix, Arizona on January 25, 2006.

### B. RAP SHEET SUMMARY CHART

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 7/20/05 | CASC San Bernardino | HS 11379(a) Transp. Controlled Substance | 2 Years |
| 7/13/05 | CASC Contra Costa | PC 288(A) Lewd or Lascivious Acts w/Child Under 14 Years | 365 Days Jail, 3 years probation |
| 12/22/04 | CASC Oakland | VC 23152(B) DUI Alcohol/Drugs/.08 Percent (m) | 36 Months Probation |
| 1/13/98 | CASC San Bernardino | HS 11379(a) Transp. Controlled Substance | 270 Days |

### C. INSTANT OFFENSE

On October 2, 2007, at approximately 7:15 a.m., United States Border Patrol ("BP") Agents Emidio Pepe and Joshua Nations were patrolling the International border near Jacumba, CA. There area is approximately 25 miles East of the Tecate, California Port of Entry. At the time, Agent Nations observed two people walking North, approximately 500 yards Southwest of callbox 702 on Interstate I-8.

Agent Nations approached the area he had seen the two individuals, eventually contacting one of the individuals walking back toward him out of a group of large boulders. Agent Nations and Pepe shortly thereafter also found Defendant attempting to conceal himself amongst the boulders.

The agents then identified themselves as Border Patrol Agents and queried the two regarding their immigration status. Defendant then admitted he was a Mexican citizen without documents to be in the United States legally.

At the station, records checks revealed Defendant had been previously deported.

**III**

**MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from Defendants. To date Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**IV.**

**MOTION FOR FINGERPRINT EXEMPLARS**

As part of its burden of proof at trial, the Government must prove beyond a reasonable doubt that Defendant is the same person who was previously deported from the United States. Defendant's warrants of deportation and related documents bear fingerprints to verify his identity. In order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the immigration documents.

Defendant has no privilege against providing fingerprint exemplars. The Fifth Amendment privilege is limited to communications or testimonial evidence. Schmerber v. California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court

should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

**V.**

**LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

**VI.**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: January 25, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff<br>v.<br>FERNANDO VELIZ, Defendant(s). | Case No. 07CR3403-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Maxine I Dobro, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 25, 2008.

s/ Aaron B. Clark
AARON B. CLARK